UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
IN LOUISVILLE

LINDA SISTRUNK

    PLAINTIFF

V.                                                                         CIVIL ACTION NO.
                                                                         3:11cv-65-S

LVNV FUNDING LLC
C/O The Corporation Trust Company
Agent for Service of Process
1209 Orange Street
Wilmington, DE 19801

and

Greene & Cooper Kentucky, P.S.C.
C/O KYLE A COOPER, Agent
2210 GREENE WAY
LOUISVILLE, KY 40220

    DEFENDANTS

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  PRELIMINARY STATEMENT

    1.    This case is brought by an individual consumer for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692- 1692(o) ("FDCPA" or "the Act") by Defendants LVNV Funding LLC ("LVNV") and Greene & Cooper Kentucky, P.S.C. ("G & C").

    2.    LVNV through its counsel G & C sued Plaintiff in state court to collect a debt that was time-barred by the four-year statute of limitations applying to a contract for the sale of goods found in KRS 355.2-725.

3. Defendants also misrepresented in the state court Complaint that LVNV purchased Plaintiff's debt from the original credit grantor. Furthermore, on information and belief, at the time of the state court action, LVNV was not the true owner of the debt upon which suit was filed.

## II JURISDICTION

4. Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d).

## III VENUE

5. Venue in the Western District of Kentucky is proper under 28 U.S.C. § 1391

## IV PARTIES

6. Plaintiff is a consumer as defined in the Act at 15 U.S.C. §1692a (3); she lives in Louisville, Jefferson County, Kentucky.

7. Defendants are debt collectors as defined in the Act at 15 U.S.C. §1692a (6) which regularly collect or attempt to collect debts owed or due or asserted to be owed or due another.

8. Defendant G & C's principal place of business is Louisville, Kentucky and it regularly engages in and transacts business in the Commonwealth of Kentucky, including the Western District of Kentucky.

9. Defendant LVNV is a Delaware corporation and it regularly engages in and transacts business in the Commonwealth of Kentucky, including the Western District of Kentucky and throughout the United States through the use of the United States mails, telephone or other instrumentality of

interstate commerce from its offices.

## V. FACTUAL ALLEGATIONS

10. On or about December 13, 2001, Plaintiff purchased furniture from Rhodes, a furniture store in Louisville, Kentucky that is no longer in business.

11. The purchase of the furniture was a credit sale of goods from Rhodes who arranged the financing with HSBC Bank Nevada National Association. ("HSBC") - its in-store credit provider. Credit was provided only for in-store purchases.

12. The cause of action on this debt accrued on or about June 8, 2005 when Plaintiff's last payment was received, or at the latest, July 9, 2005 – the day after Plaintiff's next payment was due.

13. Defendant LVNV through its counsel Defendant G & C filed suit against Plaintiff (then known as Linda Price) in state court to collect the debt on February 8, 2010, more than four years after the statute of limitations barred such suit.

14. The Complaint stated that "LVNV Funding LLC purchased this account from the original credit grantor referenced on the exhibit(s) attached hereto." That exhibit was a Statement of Account showing the original creditor to be HSBC Bank Nevada National Association.

15. Rhodes, not HSBC was the original creditor, but LVNV did not even purchase the account from HSBC.

16. If LVNV was even the owner of the account at the time of the suit, it did not acquire the account from either Rhodes or HSBC.

17. A prior debt collector identified Sherman Originator LLC ("Sherman") as the entity that allegedly purchased the account from HSBC, although that debt collector was never able to identify Plaintiff's account as one of the accounts purchased nor was it able to provide any documentation of the sale or assignment of the account to LVNV.

18. In the state court case brought by Defendants herein, Plaintiff, through discovery, requested documents that would show LVNV's ownership of the debt, but these documents were never provided; instead LVNV agreed to dismiss the state court collection case with prejudice.

19. Plaintiff was damaged by the actions of Defendants in that she suffered inconvenience, humiliation and was required to pay legal fees to defend herself in the state court action.

## VI CAUSES OF ACTION

## FDCPA VIOLATIONS

20. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

21. Without limiting the scope of Defendants' liability, Defendants' conduct as enumerated herein violated the FDCPA, § 1692- 1692(o) and specifically including 15 USC § 1692e (2) (A) and 15 USC § 1692f.

22. Defendants are liable to the plaintiff for actual and statutory damages and attorney's fees.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

(A) For a judgment against Defendants for statutory damages;

(B) For a judgment against Defendants for all actual damages which she may be able to prove and any additional pecuniary loss she may have suffered;

(C) For payment of reasonable attorney's fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(D) For reimbursement of all costs and expenses incurred in connection with the successful prosecution of this claim;

(E) For a trial by jury on all appropriate issues; and,

(F) For any and all other relief this Court may deem appropriate

Respectfully submitted by:

_____
/s/Ellen G. Friedman
Ellen G. Friedman
Attorney for Plaintiff
125 S. 6th St, Ste. 300
Louisville, Ky. 40202
(502)587-2000
(502) 587-1126 facsimile
efried@iglou.com